UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

David D Lewis ,

                              Plaintiff,

        v.

Belinda Stewart, *et al*.,

                              Defendants.

Case No. 3:20-cv-05248-BHS-TLF

REPORT AND RECOMMENDATION

Noted for October 8, 2021

This matter is before the Court on defendants' supplemental motion for summary judgment. Dkt. 34. Plaintiff brings claims under 42 U.S.C. § 1983 for alleged violations of his rights under the First, Eighth, and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act (RLUIPA). This matter has been referred to the undersigned Magistrate Judge. *Mathews v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. For the reasons set forth below, the undersigned recommends the Court grant defendants' motion, dismiss plaintiff's remaining claims and dismiss plaintiff's complaint with prejudice.

PROCEDURAL HISTORY

Plaintiff, who is incarcerated at Stafford Creek Corrections Center ("SCCC"), filed this action on March 16, 2020. Dkt. 1. He alleges that defendants violated his rights under the First Amendment and RLUIPA by denying him religious services specific to his Nation of Islam ("NOI") faith, and violated his rights under RLUIPA, the First Amendment and Eighth Amendment by refusing to allow plaintiff to participate in a

Ramadan meal program so that he could observe Ramadan. Dkt. 5, at 6–9. Plaintiff also invokes the Fourteenth Amendment's Equal Protection Clause but does not to allege facts in support of that claim. Dkt. 5 at 6.

The court has previously granted defendants' motion for partial summary judgment dismissing plaintiff's First Amendment claims and dismissing all claims against all defendants except defendants Belinda Stewart (Department of Corrections ("DOC") Religious Program Manager) and Gary Wakeman (SCCC Chaplain). Dkts. 30, 32. The Court declined to dismiss plaintiff's claims against defendants Stewart and Wakeman under RLUIPA, the Eighth Amendment and the Fourteenth Amendment because defendants' motion had not addressed them. *Id.*

On June 15, 2021, the defendants Stewart and Wakeman filed a supplemental motion for summary judgment seeking the dismissal of plaintiff's remaining RLUIPA, Eighth and Fourteenth Amendment claims. Dkt. 34.[1]  Defendants filed with their motion the declaration of Gary Wakeman (Dkt. 34) and a Rand Notice warning plaintiff of the necessity of submitting evidence in response to the motion (Dkt. 36).

Notwithstanding his receipt of two *Rand* notices warning of the necessity of submitting evidence to support his claims, plaintiff has not filed a response to defendants' supplemental motion, nor did he respond to defendants' original motion. Furthermore, plaintiff's complaint was not signed under penalty of perjury and therefore is not considered as evidence. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (in a *pro se* case, the court will consider a complaint signed under penalty of perjury as

---

[1] Because the dispositive motion deadline had expired after defendants filed their original motion for summary judgment, defendants moved to extend the deadline in order to file their supplemental motion. Dkt. 33. The Court granted the extension on July 6, 2021 and renoted the motion for consideration on July 30, 2021. Dkt. 37.

evidence to the extent it is based upon personal knowledge that would be admissible in evidence); *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995) (To be a "verified" complaint considered as evidence, the complaint must be signed under penalty of perjury in compliance with 28 U.S.C. § 1746). However, as discussed below, even if the allegations in plaintiff's complaint are considered, plaintiff has still failed to adduce sufficient evidence to support his claims.

<u>FACTS</u>

A.   <u>RLUIPA</u>

Plaintiff alleges no facts specific to his RLUIPA claim, other than the allegations the Court has previously found insufficient to support his First Amendment claim. *See* Dkt. 30 at 6–11. Plaintiff alleges that defendants violated his rights by denying him NOI-specific religious programming and participation in SCCC's 2017 Ramadan meal program. Dkt. 5 at 6.

Defendants submitted unrebutted evidence of the following facts. SCCC offers a program for meals during Ramadan, the Islamic holy month of fasting, as well as a year-round Halal diet and Islamic religious programming in the form of all-Islamic Jummah or Taliem services. *See* Dkt. 25 at ¶ 7; Dkt. 26 at ¶ 5. In 2017, a sign-up process began for participation in the Ramadan meal program. Dkt. 26 at ¶ 3. The sign-up process conditioned participation on completing a form and having either: (1) participated in Islamic religious programming during the preceding six months, or (2) having signed up to receive Halal meals. *Id*. There was also an exception process for inmates who could not meet these requirements, providing for discretionary approval by either a facility chaplain or the statewide Muslim Chaplain. *Id*.

REPORT AND RECOMMENDATION - 3

1   Plaintiff requested to be enrolled in the 2017 Ramadan meal program, and

2   Defendant Wakeman determined that plaintiff had neither participated in available

3   Islamic programming during the prior six months nor elected to receive a Halal diet. Dkt.

4   26 at ¶¶ 2, 4. Defendant Wakeman denied plaintiff's request to participate in the 2017

5   Ramadan meal program. *Id*.

6   Plaintiff contends he was unable to meet the programming requirement because

7   SCCC did not offer NOI-specific religious services. Dkt. 5 at 7. Defendants acknowledge

8   that SCCC did not have a specific NOI religious service but assert that it had an all-

9   Islamic faith service that accommodated all Islamic religious groups. Dkt. 26 at ¶ 5.

10   Defendants also state that inmates have the option, if their faith is not represented

11   through existing programs, of arranging through the Chaplain for outside volunteers to

12   conduct services. Dkt. 26 at ¶ 6*;* Dkt. 35 at ¶ 2. For security reasons, inmate groups

13   cannot conduct private programming without such supervision. Dkt. 26 at ¶ 7; Dkt. 35 at

14   ¶ 4.

15   B.   Eighth Amendment

16   With respect to his Eighth Amendment claims, plaintiff contends that because he

17   was not provided with special Ramadan meals, he fasted for 30 days without food and

18   suffered health concerns related to long term starvation including hunger pains, weight

19   loss, and malnutrition. Dkt. 5 at 6.

20   Defendants submitted unrebutted evidence that plaintiff did not seek medical

21   treatment for medical concerns arising out of malnourishment, weight loss or hunger.

22   Dkt. 28 at ¶ 3. Defendants also submitted medical records showing that plaintiff's weight

23   generally fluctuated in the range of 251 to 259 pounds between November 2016 and

24   June 2020. Dkt. 28-1 at 2–14. Plaintiff weighed 259 pounds on May 25, 2017 (2 days

25

REPORT AND RECOMMENDATION - 4

1    before the beginning of Ramadan[2]) and weighed 254 pounds on July 13, 2021 (18 days

2    after the conclusion of Ramadan). *Id*. at 10, 11.

3                                          DISCUSSION

4    A.    Summary Judgment Standard

5              Summary judgment is supported "if the movant shows that there is no genuine

6    issue as to any material fact and that the movant is entitled to judgment as a matter of

7    law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden to demonstrate the

8    absence of a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S.

9    317, 323 (1986). A genuine dispute concerning a material fact is presented when there

10   is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.

11   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). A "material" fact is one which

12   is "relevant to an element of a claim or defense and whose existence might affect the

13   outcome of the suit," and the materiality of which is "determined by the substantive law

14   governing the claim." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

15   626, 630 (9th Cir. 1987).

16             When the Court considers a motion for summary judgment, "[t]he evidence of the

17   non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-

18   movant's] favor." *Id*. at 255. Yet the Court is not allowed to weigh evidence or decide

19   credibility. *Anderson*, 477 U.S. at 255. If the moving party meets the initial burden, an

20   adverse party may not rest upon the mere allegations or denials of his pleading; his or

21

22   ────────────────────
     [2] The Court takes judicial notice that in 2017, Ramadan took place between May 27 and June 25.
23   https://isna.net/ramadan-2017 (last visited September 13, 2021). *See* Fed. R. Evid. 201; *Hollinquest v.
     Suh*, No. 2:18-CV-01840-AC, 2020 WL 5845725, at *5 n.6 (D. Or. Mar. 23, 2020), *report and
24   recommendation adopted in part,* No. 2:18-CV-01840-AC, 2020 WL 5834785 (D. Or. Sept. 29, 2020)
     (taking judicial notice of Ramadan dates).

25

1    her response, by affidavits or as otherwise provided in Fed. R. Civ. P. 56, must set forth

2    specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The Court

3    may not disregard evidence solely based on its self-serving nature. *Nigro v. Sears,*

4    *Roebuck & Co.,* 784 F.3d 495, 497 (9th Cir. 2015).

5         In response to the motion for summary judgment, the nonmoving party is

6    required to present specific facts, and cannot rely on conclusory allegations. *Hansen v.*

7    *United States,* 7 F.3d 137, 138 (9th Cir. 1993). The court must determine whether the

8    specific facts that are presented by the non-moving party, considered along with

9    undisputed context and background facts, would show that a rational or reasonable jury

10   might return a verdict in the non-moving party's favor based on that evidence. *Emeldi v.*

11   *Univ. of Oregon,* 698 F.3d 715, 728–29 (9th Cir. 2012). Allegations that are based

12   merely on a party's belief are insufficient to oppose summary judgment, as are

13   unsupported conjecture and conclusory statements. *See Hernandez v. Spacelabs Med.*

14   *Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003); *McElyea v. Babbitt*, 833 F.2d 196, 197–98 n.1

15   (9th Cir. 1987) (per curiam).

16   B.    RLUIPA Claims

17        Plaintiff does not allege facts or request relief specific to RLUIPA, but cites to the

18   statute in passing during his discussion of his First Amendment claims. Dkt. 5 at 6.

19   Defendants contend that plaintiff has failed to state a viable RLUIPA claim. Dkt. 34 at 9–

20   11.

21        RLUIPA provides in relevant part:

22        No government shall impose a substantial burden on the religious
          exercise of a person residing in or confined to an institution . . . even if
23        the burden results from a rule of general applicability, unless the
          government demonstrates that imposition of the burden on that
24        person—

25

REPORT AND RECOMMENDATION - 6

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1.

A plaintiff "bears the initial burden of going forward with evidence to demonstrate a prima facie claim" that the challenged state action constitutes "a substantial burden on the exercise of his religious beliefs." *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). If the plaintiff is able to meet this burden, the state must then prove "any substantial burden" on the "exercise of his religious beliefs is both 'in furtherance of a compelling governmental interest' and the 'least restrictive means of furthering that compelling governmental interest.'" *Id*. (quoting 42 U.S.C. § 2000cc-1(a), citing 42 U.S.C. § 2000cc-2(b)) (emphasis in original).

RLUIPA does not define "substantial burden." *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004). However, as the Ninth Circuit has explained, to be considered a "substantial burden," the challenged state action "must impose a significantly great restriction or onus upon [religious] exercise," such that it "intentionally puts significant pressure on inmates … to abandon their religious beliefs." *Warsoldier*, 418 F.3d at 995–96. The government "must place more than an inconvenience on religious exercise." *Guru Nanak Sikh Soc. of Yuba City v. Cty. of Sutter*, 456 F.3d 978, 988 (9th Cir. 2006) (internal quotation marks omitted). "The diminishment of spiritual fulfillment—serious though it may be—is not a 'substantial burden' on the free exercise of religion." *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1070 (9th Cir. 2008). In considering a challenge to institutional policies, the Court considers whether the

government's conduct "'denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs.'"  *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124–25 (9th Cir. 2013) (quoting *Warsoldier*, 418 F.3d at 995 (alteration in original)). On the other hand, the Supreme Court has not read RLUIPA as elevating the "accommodation of religious observances over an institution's need to maintain order and safety." *Cutter v. Wilkinson*, 544 U.S. 709, 722 (2005). Indeed, "prison security is a compelling state interest," and "deference is due to institutional officials' expertise in this area." *Id*. at 724 n.13.

   1. <u>NOI Programming</u>

   This Court has previously found that the lack of NOI-specific services at SCCC does not impose a substantial burden on plaintiff's religious practice under the First Amendment. Dkt. 30 at 6–8; Dkt. 32. For the same reasons, plaintiff has also failed to establish a substantial burden pursuant to RLUIPA. The Ninth Circuit applies the same standard in determining substantial burden under RLUIPA that is applied in the First Amendment context. *See Guru Nanak Sikh Soc. of Yuba City*, 456 F.3d at 988 (relying First Amendment jurisprudence in defining a substantial burden under RLUIPA); *Warsoldier*, 418 F.3d at 995–96 (same).

   As the Court previously found, SCCC's provision of unified services for Muslims—instead of separate groups for each sect—amounts at most to a "diminishment of spiritual fulfillment," which is not a 'substantial burden' on the free exercise of religion." *Navajo Nation*, 535 F.3d at 1070. *See Ramsey v. Stewart*, 232 F.3d 896 (9th Cir. 2000) (no First Amendment violation when a prison fails to provide separate services for NOI prisoners—when general Muslim services were provided);

1   *Janali v. Correction Corp. of Am.,* No. 5:11-cv-119-KS-MTP, 2013 WL 6536373, at *8

2   (S.D. Miss. Dec. 13, 2013) (citing *Navajo Nation*) ("Plaintiff has failed to establish that

3   attendance in the unified Sunni and Shia worship service truly pressures him to

4   significantly modify his religious behavior and significantly violates his beliefs."). Thus,

5   plaintiff has failed to establish that the lack of NOI programming placed a substantial

6   burden upon the exercise of his religious beliefs.

7        Plaintiff has therefore not established a prima facie case that the lack of NOI-

8   specific programming violates RLUIPA. Accordingly, the court need not reach RLUIPA's

9   additional requirements of a compelling state interest and least restrictive means.

10   *Navajo Nation*, 535 F.3d at 1075–76 ("[a]bsent a substantial burden, the government

11   need not establish a compelling interest, much less prove it has adopted the least

12   restrictive means").

13        2.   <u>Ramadan Meal Program</u>

14        Plaintiff does not appear to assert a RLUIPA claim with respect to the denial of

15   participation in the Ramadan meal program. However, even if he did—and assuming

16   (without deciding) that the denial of participation in the program constituted a substantial

17   burden upon plaintiff's exercise of his religious beliefs—plaintiff's RLUIPA claim still fails

18   because plaintiff does not seek cognizable relief.

19        RLUIPA does not allow claims for damages against individuals sued in their

20   official or individual capacities. *See Wood v. Yordy*, 753 F.3d 899, 901 (9th Cir. 2014) (a

21   RLUIPA claim for damages against prison officials in their individual capacities "may not

22   be maintained"); *Holley v. California Dep't of Corr.*, 599 F.3d 1108, 1114 (9th Cir. 2010)

23   ("The Eleventh Amendment bars [the plaintiff's] suit for official-capacity damages under

24

25

REPORT AND RECOMMENDATION - 9

1  RLUIPA."). Accordingly, the only relief plaintiff may receive under RLUIPA is

2  prospective injunctive relief.

3        Plaintiff does not seek such relief with respect to the Ramadan meal program.

4  His complaint seeks only monetary damages and injunctive relief requiring that "[NOI]

5  can meet without a sponsor," "retraining" of defendant Wakeman, and the availability of

6  NOI materials. Dkt. 5 at 11. None of these injunctive requests addresses the Ramadan

7  meal program.

8        The Court recommends that defendants' motion for summary judgment be

9  granted with respect to plaintiff's RLUIPA claims and that the claims be dismissed with

10  prejudice.

11  C.     Eighth Amendment Claim

12        To state an Eighth Amendment claim for unconstitutional conditions of

13  confinement, plaintiff must establish that defendants' acts or omissions deprived him of

14  "the minimal civilized measure of life's necessities" and that defendants acted with

15  deliberate indifference to an excessive risk to the prisoner's health or safety. *Allen v.*

16  *Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer v. Brennan,* 511 U.S. 825,

17  834 (1994)). Thus, a prisoner must first make an "'objective showing' that the

18  deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment

19  violation." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (*quoting Wilson v. Seiter*,

20  501 U.S. 294, 298 (1991)). Second, a prison official must have a "sufficiently culpable

21  state of mind." *Id.* at 834 (internal quotations omitted). "In prison-conditions cases th[e]

22  state of mind is one of 'deliberate indifference' to inmate health or safety[.]" *Id.* (*citing*

23  *Wilson*, 501 U.S. at 302–03). A prison official does not act with deliberate indifference

24

25

1   "unless the official knows of and disregards an excessive risk to inmate health or

2   safety." *Farmer,* 511 U.S. at 837.

3        1.   Serious Deprivation

4        With respect to the objective prong, a "repeated and unjustified failure" to provide

5   inmates adequate sustenance "amounts to a serious deprivation" in violation of the

6   Eighth Amendment. *See, e.g.*, *Foster v. Runnels*, 554 F.3d 807, 812–13 (9th Cir. 2009)

7   (denying sixteen meals over twenty three days violates the Eighth Amendment). Here,

8   plaintiff alleges that because he was denied participation in the Ramadan meal

9   program, he fasted for 30 days "without food." Dkt. 5 at 6.

10       But plaintiff does not allege that food was unavailable or denied to him. Plaintiff

11  does not assert that he was not permitted to obtain regular meals, nor that he was

12  unable to purchase food at the prison commissary to consume in his cell outside of

13  regular meal times. Indeed, plaintiff alleges that he "accept[ed] . . . food to avoid a

14  hunger strike infraction"; thus, plaintiff admits that food was provided to him. Dkt. 5 at 7.

15  In addition, defendants' unrebutted evidence demonstrates that plaintiff did not seek

16  medical attention for hunger or malnutrition. Dkt. 28 at ¶ 3. Furthermore, plaintiff's

17  weight after the close of Ramadan was within five pounds of his pre-Ramadan weight

18  and well within the range within which it has fluctuated between 2016 and 2020. Dkt.

19  28-1 at 2–10.

20       Plaintiff has therefore not submitted evidence establishing the objective prong of

21  the Eighth Amendment test. *See Hollinquest v. Suh*, No. 2:18-CV-01840-AC, 2020 WL

22  5845725, at *2 (D. Or. Mar. 23, 2020), *report and recommendation adopted in pertinent*

23  *part,* No. 2:18-CV-01840-AC, 2020 WL 5834785 (D. Or. Sept. 29, 2020) ("[Plaintiff]

24  received food to eat during Ramadan. The physical and emotional suffering [plaintiff]

25

describes as resulting from his inability to participate in Ramadan meals does not reflect the 'extreme deprivations' required to show a denial of 'the minimal civilized measure of life's necessities.'") (citations omitted).

2. <u>Deliberate Indifference</u>

Even if plaintiff were able to establish a sufficiently serious deprivation of food, his claim also fails for lack of evidence that defendants acted with required subjective state of mind. A prison official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. The subjective component requires proof the official was: (1) aware of the facts which would lead a reasonable person to infer the substantial risk of serious harm; (2) actually made the inference that the substantial risk of serious harm to the plaintiff existed; and (3) knowingly disregarded the risk. *Farmer*, 511 U.S. at 837, 844.

Plaintiff submits no evidence demonstrating that defendants Wakeman and Stewart had knowledge of his alleged refusal to eat or of his alleged symptoms of malnutrition or weight loss. Plaintiff shows only that defendant Wakeman received and denied plaintiff's request to participate in the Ramadan meal program in the months before Ramadan commenced. Dkt. 5 at 13–14.

Plaintiff filed a grievance against defendants Wakeman and Stewart on April 4, 2017, which contested that decision. *Id*. at 15. This grievance was denied by SCCC's grievance coordinator on April 7, 2017, and plaintiff's subsequent appeals were later denied by different SCCC and DOC staff. *Id*. at 16, 17. None of these communications provides notice to defendants Wakeman or Stewart from which they could infer a

1    substantial risk that food—either from regular meal programs or the prison

2    commissary—would not be available to plaintiff during the month of Ramadan. And

3    plaintiff has submitted no evidence establishing that defendants actually made an

4    inference from plaintiff's communications that he would refuse to access food from

5    those sources, nor that defendants knowingly disregarded that risk.

6            Plaintiff has established neither a serious risk to his health or safety, nor that

7    defendants acted with a sufficiently culpable state of mind. Accordingly, the Court

8    recommends that defendants' motion for summary judgment be granted with respect to

9    plaintiff's Eighth Amendment claims and that those claims be dismissed with prejudice.

10   D.     Fourteenth Amendment Equal Protection Claim

11           Plaintiff's complaint mentions the Fourteenth Amendment's equal protection

12   guarantee but makes no factual allegations specific to an equal protection claim. Dkt. 5

13   at 6. Defendants contend that plaintiff has failed to state a claim upon which relief can

14   be granted. Dkt. 34 at 8–9.

15           In the religious exercise context, "[p]risoners enjoy religious freedom and equal

16   protection of the law subject to restrictions and limitations necessitated by legitimate

17   penological interests." *Freeman v. Arpaio,* 125 F.3d 732, 737 (9th Cir. 1997)

18   (Constitution's Equal Protection guarantee ensures that officials cannot discriminate

19   against particular religions), *overruled in part on other grounds*, *Shakur v. Schriro*, 514

20   F.3d 878 (9th Cir. 2008). Prison officials, therefore, "must afford an inmate 'a

21   reasonable opportunity of pursuing his faith comparable to the opportunity afforded

22   fellow prisoners who adhere to conventional religious precepts.'" *Id.* (citing *Cruz v.*

23   *Beto*, 405 U.S. 319, 322 (1972)). However, institutional officials need not make identical

24   provisions to different faiths, but rather "must make 'good faith accommodation of the

25

REPORT AND RECOMMENDATION - 13

1  [prisoners'] rights in light of practical considerations." *Id.* Accordingly, Plaintiff must

2  show that Defendants "intentionally acted in a discriminatory manner," although such

3  intent sometimes may be inferred by the mere fact of different treatment. *Id.* (citing

4  *Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1112 (9th Cir. 1991).

5      To demonstrate an Equal Protection violation, Plaintiff "must show that the

6  defendants acted with an intent or purpose to discriminate against the plaintiff based

7  upon membership in a protected class." *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th

8  Cir. 1998). To defeat summary judgment on a discrimination claim, the plaintiff must

9  "produc[e] evidence sufficient to permit a reasonable trier of fact to find by a

10  preponderance of the evidence that" the challenged action was motivated by animus

11  against the protected trait. *Fed. Deposit Ins. Corp. v. Henderson,* 940 F.2d 465, 473

12  (9th Cir. 1991).

13      Plaintiff has made no such allegations. He alleges no facts whatever supporting

14  any claim that he has been treated differently based upon his religion, nor has he

15  adduced any evidence that defendants' actions were motivated by a discriminatory

16  animus. Defendants have produced evidence that their policies were instead motivated

17  by legitimate security concerns. Dkt. 35 at ¶ 4.

18      Plaintiff has failed to establish his Fourteenth Amendment claim; the Court

19  therefore recommends that it be dismissed with prejudice.

20  E.    Qualified Immunity

21      The Court has concluded that plaintiff's remaining claims should be dismissed for

22  other reasons; accordingly, the Court does not reach defendants' argument that they

23  are entitled to qualified immunity.

24

25

REPORT AND RECOMMENDATION - 14

F.    In Forma Pauperis Status on Appeal

The Court must also decide whether plaintiff's *in forma pauperis* status should continue on appeal. *See* 28 U.S.C. § 1915(a)(3) ("an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith"). The Court must determine whether appeal is frivolous or malicious, or whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)&(ii).

Here, plaintiff has failed to adduce evidence to support his claims. Accordingly, the Court recommends that *in forma pauperis* status should be revoked in the event of any appeal.

CONCLUSION

Based on the foregoing discussion, because plaintiff has failed to come forward with evidence to support his claims, the undersigned recommends the Court grant defendants' motion for summary judgment and dismiss plaintiff's complaint with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6; Fed. R. Civ. P. 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **October 8, 2021** as noted in the caption.

Dated this 22nd day of September, 2021.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 15